**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAKINAH KELLY, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> EVOLENT HEALTH LLC <br><br> Defendant. | Civil Action No. <br><br> Judge <br><br> Magistrate Judge |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Sakinah Kelly ("Plaintiff") files this Class and Collective Action Complaint ("Complaint") against Evolent Health LLC ("Defendant"):

**Nature of this Lawsuit**

1. Defendant is a company that partners with health care providers and health insurance plans to improve the quality and cost of medical care.

2. Defendant employed Plaintiff to perform utilization review and case management functions to attempt to reduce the costs of medical care.

3. Defendant employed Plaintiff and other individuals who performed similar job duties under various job titles, including but not limited to "LVN," "UM," "Care Advisor," "Care Advisor – Complex Care," "RN Care Advisor, UM," "RN Case Manager," "Utilization Management RN," (collectively "Care Management Employees").

4. Defendant paid Care Management Employees a salary.

5. Defendant's Care Management Employees regularly worked over 40 hours per week.

6. Defendant classified Care Management Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in individual workweeks.

7. In fact, Defendant's Care Management Employees primarily performed non-exempt work, including asking members standardized questions to collect data for care assessments; inputting answers to those questions into Defendant's computer system; using established guidelines to maximize utilization of plan resources through application of predetermined criteria; coordinating care by performing ministerial tasks like arranging appointments, referrals, and obtaining necessary authorizations from members; supplying members with additional information and resources to educate members concerning their health plan needs; and other similar work (collectively, "Care Management Work").

8. Because Defendant's Care Management Employees primarily performed non-exempt work, Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*., by failing to pay them overtime when they worked over 40 hours in individual workweeks.

**The Parties**

9. Plaintiff is an individual who resides in this judicial District.

10. Defendant is a Delaware corporation.

11. Defendant's principal place of business is in Arlington, Virginia.

**Jurisdiction and Venue**

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claim arises under federal law. *See* to 29 U.S.C. § 216(b).

13. This Court has supplemental jurisdiction over Plaintiff's IMWL claim under 28 U.S.C § 1367(a) because it arises out of the same facts as Plaintiff's FLSA claim.

14. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this District.

**Factual Allegations**

15. Plaintiff worked as a Care Management Employee for Defendant in Illinois from approximately July 2016 to July 2018.

16. During her employment with Defendant, Plaintiff primarily performed Care Management Work.

17. During her employment with Defendant, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

18. Defendant required Plaintiff to work over 40 hours in one or more individual workweeks

19. During her employment with Defendant, Plaintiff worked over 40 hours in one or more individual workweeks.

20. Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA and IMWL.

21. Defendant paid Plaintiff a salary.

22. When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one and one-half times her regular rate of pay.

23. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

24. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

25. Defendant has had more than $500,000 in sales made or business done in each of the last three calendar years.

26. During her employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

27. During her employment, Plaintiff was an "employee" of Defendant as defined by the IMWL in 820 ILCS 105/3(d).

28. During her employment, Defendant was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

29. During her employment, Defendant was Plaintiff's "employer" as defined by the IMWL in 820 ILCS 105/3(c).

**Collective Action Allegations**

30. Plaintiff brings her FLSA claim as a collective action.

31. Plaintiff's consent form to participate in the collective action is attached to this Complaint as Exhibit A.

32. The collective action is defined as follows:

> All individuals employed by Defendant as Care Management Employees in the last three years who were paid salary and no overtime, who worked more than 40 hours in one or more individual workweeks, and who file consent forms to participate in this lawsuit ("Collective Action Members").

33. Plaintiff is similarly situated to potential Collective Action Members because she was paid the same way they were paid and performed the same primary job duties they performed.

34. In the last three years, Defendant employed individuals who performed the same primary job duties as Plaintiff.

35. Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

36. Of employees Defendant classified as exempt and who performed the same primary job duties as Plaintiff in the last three years, some or all worked over 40 hours in individual workweeks.

37. Defendant maintained one or more common job descriptions for Care Management Employees.

38. Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

39. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

40. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**Class Action Allegations**

41. Plaintiff brings her IMWL claim as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

42. The class is defined as follows:

All individuals employed by Defendant in Illinois as Care Management Employees in the last three years who were paid salary and no overtime and who worked more than 40 hours in one or more individual workweeks, ("the Class").

43. The Class has more than 40 members.

44. As a result, the Class is so numerous that joinder of all members is not practical.

45. There are questions of law or fact common to the Class, including: (1) whether the Class primarily performed non-exempt work; (2) whether Defendant violated the IMWL by refusing to pay the Class overtime pay; and (3) the proper measure of damages if Defendant misclassified the Class as exempt from the overtime provisions of the IMWL.

46. Plaintiff's overtime claims are typical of those of the Class because they arise out of Defendant's uniform compensation practices.

47. Defendant's defenses to Plaintiff's claims are typical of its defenses to those of the Class because they are grounded in the same compensation practices.

48. Plaintiff can fairly and adequately protect the interests of the Class because she is asserting the same claims as the Class.

49. Plaintiff can fairly and adequately protect the interests of the Class because she has no interests adverse to the Class.

50. Plaintiff can fairly and adequately protect the interests of the Class because she has retained counsel experienced in class action employment litigation.

51. The common questions of law and fact in this lawsuit predominate over the variations which may exist between members of the Class, if any.

52. Plaintiff and the members of the Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter of this lawsuit and remedy sought, namely back wages, interest, penalties, attorneys' fees, and costs.

53. If individual actions were required to be brought by each member of the Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

54. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

55. The books and records of Defendant are material to the Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

## COUNT I
## Violation of the Fair Labor Standards Act
## (Collective Action)

56. Plaintiff incorporates here the previous allegations of this Complaint.

57. This count arises from Defendant's violation of the FLSA by failing to pay overtime wages to Plaintiff and Collective Action Members when they worked over 40 hours in individual workweeks.

58. Plaintiff was not exempt from the overtime provisions of the FLSA.

59. Collective Action Members were not exempt from the overtime provisions of the FLSA.

60. Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

61. Other Collective Action Members were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

62. Defendant paid Plaintiff a salary and no overtime compensation.

63. Defendant paid other Collective Action Members a salary and no overtime compensation.

64. Defendant violated the FLSA by failing to pay overtime to Plaintiff at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

65. Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

66. Defendant's violations of the FLSA were willful because it received complaints from Care Management Employees that alerted Defendant that it was paying one or more of those employees incorrectly.

67. Alternatively, Defendant's violations of the FLSA were willful because it classified other employees who performed many of the same primary duties as Care Management Employees as non-exempt from the FLSA's overtime provisions.

WHEREFORE, Plaintiff, on behalf of herself and Collective Action Members, seeks a judgment against Defendant as follows:

   A. All unpaid overtime wages due to Plaintiff and Collective Action Members;

   B. Liquidated damages equal to the unpaid overtime compensation due;

   C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

   D. Such other relief as this Court deems appropriate.

## COUNT II
### Violation of the Illinois Minimum Wage Law
### Class Action

68. Plaintiff incorporates here the previous allegations of this Complaint.

69. This count arises from Defendant's violation of the IMWL for its failure to pay Plaintiff and the Class overtime pay when they worked over 40 hours in individual workweeks.

70. Defendant classified Plaintiff as exempt from the overtime provisions of the IMWL.

71. Defendant classified the Class as exempt from the overtime provisions of the IMWL.

72. Plaintiff was not exempt from the overtime provisions of the IMWL.

73. The Class was not exempt from the overtime provisions of the IMWL.

74. Plaintiff was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

75. The Class was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

76. Defendant violated the IMWL by failing to pay Plaintiff and the Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff, on behalf of herself and the Class, seeks a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiff and the Class;

B. Two percent monthly interest on all unpaid overtime wages due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other relief as this Court deems appropriate.

## Jury Demand

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/Douglas M. Werman
DOUGLAS M. WERMAN
dwerman@flsalaw.com
Maureen A. Salas
msalas@flsalaw.com
Sarah J. Arendt
sarendt@flsalaw.com
Zachary C. Flowerree
zflowerree@flsalaw.com
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

TRAVIS M. HEDGPETH*
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
5438 Rutherglenn Drive
Houston, Texas 77096
P: (512) 417-5716
travis@hedgpethlaw.com

JACK SIEGEL*
Texas Bar No. 24070621
Siegel Law Group PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

*Application for admission pro hac vice forthcoming*

**Attorneys for Plaintiff and others similarly situated**