# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.2
### Eastern Division

Sakinah Kelly

                              Plaintiff,

v.                                                     Case No.: 1:19−cv−00500

                                                               Honorable Jorge L. Alonso

Evolent Health LLC

                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, May 21, 2020:

      MINUTE entry before the Honorable Jorge L. Alonso: The parties have filed a joint motion for approval of settlement. Under the Fair Labor Standards Act, 29 USC § 216(b)−(c), settlements require judicial approval. Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986); see Mei Xing Yu v. Hasaki Rest., Inc., 944 F.3d 395, 423 (2d Cir. 2019) (Calabresi, J., dissenting) (citing cases). "Normally, a settlement is approved where it is the result of contentious arm's length negotiations, which were undertaken in good faith by counsel... and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." Gallant v. Arrow Consultation Servs., Inc., No. 19 CV 00925, 2020 WL 2113399, at *2 (S.D. Ind. May 4, 2020) (internal quotation marks omitted). Based upon the Court's review of the motion for final approval and the status report filed on 5/18/2020, the Court finds that the settlement is fair and reasonable, as it provides substantial relief for the plaintiffs despite a number of bona fide disputes between the parties concerning key issues. Given the ongoing crisis caused by the coronavirus pandemic, the need for plaintiff to receive prompt compensation and the delay any further litigation would cause outweigh any danger in forgoing the possibility of obtaining further relief after trial. The Court also finds that the proposed award of attorney's fees and expenses and the proposed $7,000 service award for the named plaintiff are reasonable. Finally, the Court determines, due to the coronavirus crisis and resulting restrictions on travel and on in−court hearings at the Dirksen Courthouse, that the need for the plaintiffs to receive prompt compensation outweighs the need for an in−court hearing, given that the Court has no clear idea when any such hearing might be held. The Court therefore foregoes holding a hearing on the motion for final approval and grants the motion [86]. The motion for telephonic hearing [93] is denied as moot. Notice mailed by judge's staff (lf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was

generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.